# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18CR022 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| SANDRO LOPES TRANCOSO DA SILVA (4) | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1. On February 27, 2018, a grand jury in the Southern District of Ohio returned a one-count Indictment, charging Defendant SANDRO LOPES TRANCOSO DA SILVA, among others, with conspiracy to commit identity theft, aggravated identity theft, access device fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 371 and 1349.

2. Pursuant to Fed. R. Crim. P. 32.2(a), a forfeiture allegation in the Indictment contained notice to the Defendant that the United States sought the forfeiture of the following property (the "subject property"):

- Apple iPhone black, with clear case with SIM card lodged inside clear case, recovered from the Defendant;
- HP Laptop, Serial No. CND6306CXR;
- Pin Hole Camera containing a SanDisk Ultra Plus, 32GB;
- T Mobile Sim Card, Serial No. 8901260142705280457;

- Vivo 4G Sim Card, Serial No. 8955109334;

- T-Mobile Sim Card, Serial No. 8901260911795426125;

- MSR Card Reader, Serial No. A517052440;

- HP Laptop, Serial No. CND7194DT9;

- T-Mobile Sim Card, Serial No. 8901260985775565193;

- Card Reader, Serial No. US01421F15;

- Vivo 4G Sim Card, Serial No. 8955109314;

- Vivo 4G Sim Card, Serial No. 8955109344;

- T Mobile Sim Card, Serial No. 8901260911795425994F; and

- Lenovo Laptop, Serial No. PFOLLTTB.

3. On November 30, 2018, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and/or 18 U.S.C. § 1029(c)(1)(C), as proceeds of the offense charged in Count 1 of the Indictment and/or property that facilitated such violation.

4. The Defendant entered a plea of guilty to Count 1 of the Indictment on November 30, 2018.

5. The subject property is forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and/or 18 U.S.C. § 1029(c)(1)(C), as proceeds of the offense charged in Count 1 of the Indictment and/or property that facilitated such violation. The Defendant had an interest in the subject property.

6. The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

7. All right, title, and interest is the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and/or 18 U.S.C. § 1029(c)(1)(C).

8. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

9. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

10. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

11. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of

Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

12. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

13. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

14. In accordance with the Plea Agreement and the Judgment, this Preliminary Order of Forfeiture is final as to the Defendant. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

15. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: January 30, 2019

    SO ORDERED:

    *s/Thomas M. Rose

    THOMAS M. ROSE
    UNITED STATES DISTRICT JUDGE